William J. O'Brien (CA Bar No. 99526)
wobrien@onellp.com
ONE LLP
9301 Wilshire Blvd
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5158
Facsimile: (310) 943-2085

*Attorneys for Plaintiff,*
*678 USA, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| 678 USA, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>678 CORPORATION, a Republic of Korea corporation,<br><br>        Defendant. | Case No. 8:17-cv-01326<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT REGARDING TRADEMARKS** |

Plaintiff, 678 USA, Inc., alleges:

## JURISDICTION AND VENUE

1.      678 USA, Inc. brings this case under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.[1]  678 USA seeks a declaration of the rights of the parties to this litigation to resolve an actual case or controversy arising under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.  This Court therefore has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.  In addition, this Court has jurisdiction under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between a citizen of a state and a citizen or subject of a foreign state.  Venue is proper in this District under 28 U.S.C. § 1391 because this is the judicial district where events giving rise to the controversy occurred and where 678 USA's principal place of business is located.

## THE PARTIES

2.      678 USA is a California corporation with its principal place of business at 22 Centerpointe Drive, # 120, La Palma, California 90623.

3.      On being incorporated on October 12, 2012, 678 USA was named "678 F&B Korea, Inc." (its "Prior Name").  In February 2014, 678 F&B Korea, Inc., changed its name to 678 USA, Inc.[2]

4.      678 Corporation is a corporation under the laws of the Republic of Korea (South Korea) with its principal place of business in Seoul, Korea.[3]

5.      678 Korea owns 25 percent of the outstanding shares of 678 USA.  678 USA is an independent entity operating an independent business in the United States, which is

[1] 678 USA, Inc., is referred to below as 678 USA.
[2] As used in this complaint, "678 USA" includes 678 F&B Korea, Inc., wherever applicable.
[3] 678 Corporation is referred to below as 678 Korea.

1

**COMPLAINT FOR DECLARATORY JUDGMENT**

not under the control of 678 Korea.

### 678 USA's RESTAURANTS AND TRADEMARKS

6.     678 USA is engaged in the business of operating and franchising restaurants in the United States.  These restaurants have either of two basic formats.  Presently, restaurants owned or franchised by 678 USA include nine "Kang Ho Dong Baekjeong" Restaurants and an "Ahgassi Gopchang" Restaurant.  Further, 678 USA plans to operate or franchise additional restaurants of both formats in the United States and Canada in the future.[4]

### "Kang Ho Dong Baekjeong" Restaurants and Trademarks

7.     678 USA operates and franchises restaurants in the United States under the brand "Kang Ho Dong Baekjeong" (sometimes referred to as just "Baekjeong").  These include five restaurants that 678 USA owns through 100%-owned subsidiaries and four restaurants that are operated by franchisees under franchise agreements with 678 USA.  678 USA uses multiple trademarks (the "Kang Ho Dong Baekjeong Trademarks") in connection with this business and related activities.[5]

8.     678 USA's Kang Ho Dong Baekjeong Trademarks include, without limitation:

   a.   Korean characters for "Baekjeong," including stylized characters (and including the mark described in Registration Number 4,432,554, as described below);

   b.   Korean characters for "Kang Ho Dong Baekjeong," including stylized characters;

   c.   Korean characters for "Kang Ho Dong," including stylized characters;

   d.   "Kang Ho Dong Baekjeong" in English letters;

---

[4] As used in this complaint, "owning" and "operating" include 678 USA's ownership and operation of restaurants through 100%-owned subsidiaries.
[5] As used in this complaint, the term "trademark" includes service marks.

**COMPLAINT FOR DECLARATORY JUDGMENT**

e.  "Baekjeong" in English letters;

f.  "Kang Ho Dong" in English letters;

g.  Designs including "Kang Ho Dong," "Korean BBQ," and "Baekjeong" in stylized English letters; and

h.  Designs including "Kang Ho Dong" and "Baekjeong" in stylized Korean characters along with a sword.

9.  678 USA's uses of Kang Ho Dong Baekjeong Trademarks include, without limitation, use of these marks on exterior signs, entrance doors, restaurant walls, posters, menus, marketing materials, employees' t-shirts, restaurant chairs, various kitchen equipment, and table top barbecue grills.

10.  One example of 678 USA's uses of Kang Ho Dong Baekjeong Trademarks is provided by the following photograph of signage that was in use no later than April 17, 2013, at a Kang Ho Dong Baekjeong restaurant franchised by 678 USA in Los Angeles:



11.  The foregoing signage includes stylized Korean characters for "Kang Ho Dong" and "Baekjeong," together with a depiction of a sword.

3

12.   As another example, the following is a photograph of signage at another Kang Ho Dong Baekjeong restaurant owned by 678 USA:



13.   The signage in the center of the foregoing photo includes a design with "Kang Ho Dong," "Korean BBQ," and "Baekjeong" in stylized English letters.  The signage on the left of the foregoing photo includes stylized Korean characters for "Kang Ho Dong" and "Baekjeong," together with a depiction of a sword.

14.   678 USA is informed and believes, and on that basis alleges, that 678 USA and its licensees and permittees are and have been the only persons or entities using Kang Ho Dong Baekjeong Trademarks in the United States for restaurant services or any similar or related goods or services.

15.   On information and belief, 678 USA has used Kang Ho Dong Baekjeong Trademarks in United States interstate commerce since shortly after 678 USA was incorporated on October 12, 2012.  In addition, on information and belief, 678 USA acquired any Kang Ho Dong Baekjeong business, goodwill, and trademark rights that 678 Korea may have created in the United States before the formation of 678 USA, with 678

4

Korea receiving 100% of the stock of 678 USA in exchange.  As a result, 678 USA is informed and believes, and on that basis alleges, that 678 USA is entitled to claim priority of use of Kang Ho Dong Baekjeong Trademarks in the United States dating back at least as far as December 26, 2011.

16.     678 USA has extensively used and promoted the Kang Ho Dong Baekjeong Trademarks in the United States.  As a result, 678 USA has developed exclusive and valuable goodwill and strong federal statutory and common-law rights in the marks.  The Kang Ho Dong Baekjeong Trademarks are recognized by customers and potential customers as designating 678 USA's restaurant services, and they distinguish 678 USA and its services from others.

17.     On April 17, 2013, 678 USA (under its Prior Name) filed Application Serial No. 85/907,222 with the United States Patent and Trademark Office for registration of a trademark that consists of a design that includes stylized Korean characters for the Korean word "Baekjeong."  This design is depicted in the records of the Patent and Trademark Office as follows:



18.     On November 12, 2013, the United States Patent and Trademark Office issued Registration No. 4,432,554 for 678 USA's "Baekjeong" mark as described and illustrated above.  This "Baekjeong" mark appears on the Office's Principal Register for "[r]estaurant services" in International Class 043 and U.S. Classes 100 and 101.  A true and correct copy of the Office's Certificate of Registration for this mark (including the depiction of the mark reproduced above) is Exhibit A to this complaint.

5

COMPLAINT FOR DECLARATORY JUDGMENT

19.     678 USA is the owner of Registration No. 4,432,554.

### "Ahgassi Gopchang" Restaurant and Trademarks

20.     678 USA also operates—and formerly franchised—a restaurant in Los Angeles, California, under the brand "Ahgassi Gopchang."  678 USA uses multiple trademarks (the "Ahgassi Gopchang Trademarks") in connection with this business and related activities.

21.     678 USA's Ahgassi Gopchang Trademarks include, without limitation:

a.  "Ahgassi Gopchang" in English letters (covered by Registration Number 4,523,274, as described below);

b.  Korean characters for "Ahgassi Gopchang," including stylized characters; and

c.  Designs including "Ahgassi Gopchang" in stylized Korean characters along with the head of a woman with two stars on either side and a flower design on the lower half (including the mark described in Registration Number 4,530,757, as described below).

22.     678 USA's uses of Ahgassi Gopchang Trademarks include, without limitation, use of these marks on exterior signs, entrance doors, restaurant walls, posters, menus, marketing materials, employees' t-shirts, restaurant chairs, various kitchen equipment, and table top barbecue grills.

23.     One example of 678 USA's uses of Ahgassi Gopchang Trademarks is provided by the following photograph of signage that was in use no later than February 4, 2014, at a Ahgassi Gopchang restaurant owned by 678 USA in Los Angeles:

6

**COMPLAINT FOR DECLARATORY JUDGMENT**



24.    Another example of 678 USA's uses of Ahgassi Gopchang Trademarks is provided by the following depiction of a portion of a menu that was in use no later than February 4, 2014, at a Ahgassi Gopchang restaurant owned by 678 USA in Los Angeles:



7

25.     678 USA is informed and believes, and on that basis alleges, that 678 USA and its licensees and permittees are and have been the only persons or entities using Ahgassi Gopchang Trademarks in the United States for restaurant services or any similar or related goods or services.

26.     On information and belief, 678 USA has used Ahgassi Gopchang Trademarks in United States interstate commerce since at least June 15, 2013.  As a result, 678 USA is informed and believes, and on that basis alleges, that 678 USA is entitled to claim priority of use of Ahgassi Gopchang in the United States dating back at least as far as that date.

27.     678 USA has extensively used and promoted the Ahgassi Gopchang Trademarks in the United States.  As a result, 678 USA has developed exclusive and valuable goodwill and strong federal statutory and common-law rights in the marks.  The Ahgassi Gopchang  Trademarks are recognized by customers and potential customers as designating 678 USA's restaurant services, and they distinguish 678 USA and its services from others.

28.     On April 1, 2013, 678 USA (under its Prior Name) filed Application Serial No. 85/892,208 with the United States Patent and Trademark Office for registration of a trademark that consists of a design including "Ahgassi Gopchang" in stylized Korean characters along with the head of a woman with two stars on either side and a flower design on the lower half.  This design is depicted in the records of the Patent and Trademark Office as follows:



29.     On May 13, 2014, the United States Patent and Trademark Office issued Registration No. 4,530,757 for 678 USA's "Ahgassi Gopchang" mark as described and

**COMPLAINT FOR DECLARATORY JUDGMENT**

illustrated above.  This "Ahgassi Gopchang" mark appears on the Office's Principal Register for "[r]estaurant services" in International Class 043 and U.S. Classes 100 and 101.  A true and correct copy of the Office's Certificate of Registration for this mark is Exhibit B to this complaint.

30.     678 USA is the owner of Registration No. 4,530,757.

31.     On April 26, 2013, 678 USA (under its Prior Name) filed Application Serial No. 85/915,579 with the United States Patent and Trademark Office for registration of a trademark that consists of AHGASSI GOPCHANG in standard characters without claim or limitation to any particular font style, size, or color.

32.     On April 29, 2014, the United States Patent and Trademark Office issued Registration No. 4,523,274 for 678 USA's "AHGASSI GOPCHANG" word mark.  This mark appears on the Office's Principal Register for "[r]estaurant services" in International Class 043 and U.S. Classes 100 and 101.  A true and correct copy of the Office's Certificate of Registration for this mark is Exhibit C to this complaint.

33.     678 USA is the owner of Registration No. 4,523,274.

### "678" Trademarks

34.     678 USA also uses "678" trademarks in connection with its restaurant business.  The "678" trademarks that have been used by 678 USA (the "678 Trademarks") include, without limitation, the number "678" in Arabic numerals, the same number in Korean characters, "678" as part of 678 USA's Prior Name, and "678" as part of its present corporate name.

35.     678 USA is informed and believes, and on that basis alleges, that, upon the formation of 678 USA, 678 Korea consented to, knowingly acquiesced in, and intentionally waived any objections to, 678 USA's use of 678 Trademarks in the United States.

36.     678 USA has used the 678 Trademarks in United States interstate commerce since approximately its inception.  In addition, on information and belief, 678 USA acquired the right to use the 678 Trademarks in the United States by virtue of acquiring

9

preexisting business, goodwill, and trademark rights that 678 Korea may have created in the United States before the formation of 678 USA, with 678 Korea receiving 100% of the stock of 678 USA in exchange.  As a result, 678 USA is informed and believes, and on that basis alleges, that 678 USA is entitled to claim priority of use of the 678 Trademarks in the United States dating back at least as far as December 26, 2011.

37.     678 USA has extensively used and promoted the 678 Trademarks in the United States.  As a result, 678 USA has developed valuable goodwill and strong federal statutory and common-law rights in the marks.  The 678 Trademarks are recognized by customers and potential customers as designating 678 USA's restaurant services, and they distinguish 678 USA and its services from others.

**General Intellectual Property License**

38.     In addition to the foregoing, 678 USA is the licensee under a general intellectual property license included in a Second Amendment to Shareholders' Agreement, which was entered into in March 2015 by 678 Korea, 678 USA shareholder Kijin Capital, LLC, 678 USA shareholder Jihyun Yim, and 678 USA.  Section 4 of the Second Amendment adds to the Shareholders' Agreement for 678 USA the following Subsection 11(f):

> (f) In consideration of the Corporation's covenants set forth herein, 678 Corporation hereby grants the Corporation, during the term of this Agreement, a non-exclusive, irrevocable, royalty free, worldwide license to use 678 Corporation's (i) proprietary marks, logos, and indicia; (ii) trademarks, service marks, and trade names; or (iii) trade dress including but not limited to decor and design concepts, solely in connection with the Permitted Businesses.[6]

---

[6] The "corporation" is defined in the Second Amendment as 678 USA.  As is provided in Subsection 11(e) of the Shareholders' Agreement as amended by the Second Amendment, the "Permitted Businesses" are defined as "the businesses of 'Baekjeong,' '678,' 'Ahgassi

39.     678 USA's rights in the Kang Ho Dong Baekjeong Trademarks, Ahgassi Gopchang Trademarks, and 678 Trademarks in the United States preexisted the Second Amendment to Shareholders' Agreement and exist independently of it.

40.     However, the Second Amendment gives 678 USA additional rights in the form of a non-exclusive, irrevocable, royalty free, worldwide license to use all of 678 Korea's (i) proprietary marks, logos, and indicia; (ii) trademarks, service marks, and trade names; and (iii) trade dress including but not limited to decor and design concepts in connection with the Permitted Businesses.  This license under the Second Amendment includes, without limitation, a license to any rights that 678 Korea may claim in any Kang Ho Dong Baekjeong Trademarks, Ahgassi Gopchang Trademarks, or 678 Trademarks anywhere in the world.

### THE PARTIES' TRADEMARK DISPUTE

41.     Disagreement has arisen between 678 Korea and another shareholder of 678 USA about the management and future of 678 USA.  During a period of uncertainty about such issues, 678 Korea began to take actions that were apparently aimed at usurping trademark rights that belong to 678 USA.  Later, 678 Korea launched an attempt to dissolve 678 USA and put it out of business, coupled with unjustified claims of ownership of important trademarks used by 678 USA and an outright threat of infringement litigation.

42.     678 Korea's threatening conduct has included, without limitation, the conduct described below.

43.     On October 25, 2016, 678 Korea applied—in its own name—for United States trademark registrations on three trademarks that have been used in the United States by 678 Korea.

44.     On May 30, 2017, 678 Korea obtained United States Registration No.

_____

Gopchang,' and any Korean table top barbeque business that 678 Corporation engages in during the term of the Shareholders' Agreement."

**COMPLAINT FOR DECLARATORY JUDGMENT**

5,213,895 for a design including Korean characters for "Yook Chil Pal" or "678."

45. 678 Korea's other two October 25 applications have been published for opposition and are still pending. One of these, Application No, 87/215,122, is for a design including "Kang Ho Dong," "Korean BBQ," and "Baekjeong" in stylized English letters, as depicted above and used in signage at restaurants owned and franchised by 678 USA.

46. Indeed, as its alleged specimen of trademark use to support Application No, 87/215,122, 678 Korea used a photograph of a restaurant owned by 678 USA.

47. 678 Korea's other October 25 application, No. 87/215,108, is for a design that includes a sword and Korean characters for "Baekjeong" and "Kang Ho Dong," as depicted above and used in signage at restaurants owned and franchised by 678 USA.

48. Here again, as its alleged specimen of trademark use to support Application No, 87/215,108, 678 Korea used a photograph of a restaurant owned by 678 USA.

49. On or about July 12, 2017, 678 Korea, together with the other Korean shareholder of 678 USA, signed a written consent documents electing under California Corporations Code § 1900 to dissolve 678 USA and wind up its business. On or about July 13, 678 Korea and the other Korean shareholder signed a Certificate of Election to Wind Up and Dissolve 678 USA, which they filed with the California Secretary of State on July 14, 2017.

50. However, the remaining, 50% shareholder of 678 USA responded on or about July 17, 2017, that 678 USA would exercise its right under California Corporations Code § 2000 to buy the shares of the shareholders who had elected dissolution.

51. On or about July 13, 2017—the same day that 678 Korea signed the Certificate of Election to Wind Up and Dissolve 678 USA—Jong Tae Jeon, the General Director of 678 Korea, sent a letter to 678 USA purporting to terminate its trademark rights threatening to sue 678 USA for infringement. Among other things, this letter said:

> You are hereby advised that the Corporation is required to cease use of all of
> 678 Corp's intellectual property, including, without limitation, its proprietary
> trademarks, effective July 31, 2017. Any use by the Corporation of 678

Corp's intellectual property after July 31, 2017 will constitute infringement and will be prosecuted to the fullest extent permitted by law.

52.    In view of 678 Korea's ongoing attempts to register them as its own in the United States, it is evident that 678 Korea is claiming rights in the Kang Ho Dong Baekjeong Trademarks, Ahgassi Gopchang Trademarks, and 678 Trademarks used by 678 USA and is contends that they are among the supposed "proprietary trademarks" that it has demanded that 678 USA stop using no later than July 31, 2017, and that it has threatened to sue 678 USA for infringing.

53.    678 Korea's conduct has created a reasonable apprehension on the part of 678 USA that, absent judicial intervention, 678 Korea will sue 678 USA or its franchisees or subsidiaries asserting trademark infringement claims under 15 U.S.C. § 1051, *et seq*., and that 678 Korea will interfere with 678 USA's franchising, marketing, or other business activities by making accusations of trademark infringement and threats of suit.

## FIRST CLAIM FOR RELIEF
### (By 678 USA Against 678 Korea for Declaratory Judgment
### as to the Kang Ho Dong Baekjeong Trademarks)

54.    678 USA incorporates here by reference the allegations of the preceding paragraphs of the complaint.

55.    There is an immediate, actual, substantial, and judiciable controversy between 678 USA and 678 Korea over rights to the Kang Ho Dong Baekjeong Trademarks in the United States.

56.    678 USA is informed and believes, and on that basis alleges, that 678 Korea claims to be the owner of the Kang Ho Dong Baekjeong Trademarks in the United States, that 678 Korea claims to have the right to exclude 678 USA and its licensees and permittees—including 678 USA's franchisees and subsidiaries—from using the Kang Ho Dong Baekjeong Trademarks, and that 678 Korea purports to have exercised that right effective after July 31, 2017.

13

57.     However, contrary to 678 Korea's claims, 678 USA is in fact the owner of Registration No. 4,432,554 for the "Baekjeong" mark as described and illustrated above.

58.     678 USA is also the owner of the Kang Ho Dong Baekjeong Trademarks throughout the United States.

59.     678 USA and its licensees and permittees are legally entitled to use the Kang Ho Dong Baekjeong Trademarks throughout the United States for goods and services including, without limitation, restaurant services.

60.     Indeed, 678 USA and its licensees and permittees (who do not include 678 Korea) are the only persons or entities legally entitled to use the Kang Ho Dong Baekjeong Trademarks—or any mark that is confusingly similar to any of them—in the United States for restaurant services or any similar related goods or services.

61.     678 USA seeks a judicial determination and declaration accordingly.

62.     The Court should provide declaratory relief to resolve the important trademark questions raised by 678 Korea and to relieve the uncertainty and resolve the controversy that 678 Korea's claims have created.

63.     678 USA is entitled to a declaratory judgment as to the Kang Ho Dong Baekjeong Trademarks as set forth in the Request for Relief below.

## SECOND CLAIM FOR RELIEF

### (By 678 USA Against 678 Korea for Declaratory Judgment as to the Ahgassi Gopchang Trademarks)

64.     678 USA incorporates here by reference the allegations of the preceding paragraphs of the complaint.

65.     There is an immediate, actual, substantial, and judiciable controversy between 678 USA and 678 Korea over rights to the Ahgassi Gopchang Trademarks in the United States.

66.     678 USA is informed and believes, and on that basis alleges, that 678 Korea claims to be the owner of the Ahgassi Gopchang Trademarks in the United States, that 678

14

Korea claims to have the right to exclude 678 USA and its licensees and permittees— including 678 USA's franchisees and subsidiaries—from using the Ahgassi Gopchang Trademarks, and that 678 Korea purports to have exercised that right effective after July 31, 2017.

67.     However, contrary to 678 Korea's claims, 678 USA is in fact the owner of Registrations Nos. 4,523,274 and 4,530,757 for the "Ahgassi Gopchang" marks as described and illustrated above.

68.     678 USA is also the owner of the Ahgassi Gopchang Trademarks throughout the United States.

69.     678 USA and its licensees and permittees are legally entitled to use the Ahgassi Gopchang Trademarks throughout the United States for goods and services including, without limitation, restaurant services.

70.     678 USA and its licensees and permittees (who do not include 678 Korea) are the only persons or entities legally entitled to use the Ahgassi Gopchang Trademarks—or any mark that is confusingly similar to any of them—in the United States for restaurant services or any similar related goods or services.

71.     678 USA seeks a judicial determination and declaration accordingly.

72.     The Court should provide declaratory relief to resolve the important trademark questions raised by 678 Korea and to relieve the uncertainty and resolve the controversy that 678 Korea's claims have created.

73.     678 USA is entitled to a declaratory judgment as to the Ahgassi Gopchang Trademarks as set forth in the Request for Relief below.

### THIRD CLAIM FOR RELIEF

### (By 678 USA Against 678 Korea for Declaratory Judgment
### as to 678 Trademarks)

74.     678 USA incorporates here by reference the allegations of the preceding paragraphs of the complaint.

75.     There is an immediate, actual, substantial, and judiciable controversy between 678 USA and 678 Korea over rights to the 678 Trademarks in the United States.

76.     678 USA is informed and believes, and on that basis alleges, that 678 Korea claims to be the owner of the 678 Trademarks in the United States, that 678 Korea claims to have the right to exclude 678 USA and its licensees and permittees—including 678 USA's franchisees and subsidiaries—from using the 678 Trademarks, and that 678 Korea purports to have exercised that right effective after July 31, 2017.

77.     However, contrary to 678 Korea's claims, 678 USA and its licensees and permittees are legally entitled to use the 678 Trademarks throughout the United States for goods and services including, without limitation, restaurant services.

78.     678 USA seeks a judicial determination and declaration accordingly.

79.     The Court should provide declaratory relief to resolve the important trademark questions raised by 678 Korea and to relieve the uncertainty and resolve the controversy that 678 Korea's claims have created.

80.     678 USA is entitled to a declaratory judgment as to the 678 Trademarks as set forth in the Request for Relief below.

## REQUEST FOR RELIEF

678 USA respectfully requests the following relief against 678 Korea:

1.     A judicial determination and declaration that 678 USA is the owner of United States Trademark Registrations Nos. 4,432,554, 4,523,274, and 4,530,757;

2.     A judicial determination and declaration that 678 USA is the owner of the Kang Ho Dong Baekjeong Trademarks throughout the United States;

3.     A judicial determination and declaration that 678 USA is the owner of the Ahgassi Gopchang Trademarks throughout the United States;

4.     A judicial determination and declaration that 678 USA and its licensees and permittees are legally entitled to use the Kang Ho Dong Baekjeong Trademarks throughout the United States for goods and services including,

16

without limitation, restaurant services;

5.    A judicial determination and declaration that 678 USA and its licensees and permittees are legally entitled to use the Ahgassi Gopchang Trademarks throughout the United States for goods and services including, without limitation, restaurant services;

6.    A judicial determination and declaration that 678 USA and its licensees and permittees are legally entitled to use the 678 Trademarks throughout the United States for goods and services including, without limitation, restaurant services;

7.    A judicial determination and declaration that 678 USA and its licensees and permittees (who do not include 678 Korea) are the only persons or entities legally entitled to use the Kang Ho Dong Baekjeong Trademarks—or any mark that is confusingly similar to any of them—in the United States for restaurant services or any similar related goods or services;

8.    A judicial determination and declaration that 678 USA and its licensees and permittees are the only persons or entities legally entitled to use the Ahgassi Gopchang Trademarks—or any mark that is confusingly similar to any of them—in the United States for restaurant services or any similar related goods or services;

9.    Preliminary and permanent injunctions prohibiting 678 Korea from interfering with the use of the Kang Ho Dong Baekjeong Trademarks in the United States by 678 USA and its licensees and permittees—including prohibiting 678 Korea from accusing 678 USA and its licensees and permittees of infringement of Kang Ho Dong Baekjeong Trademarks;

10.   Preliminary and permanent injunctions prohibiting 678 Korea from interfering with the use of the Ahgassi Gopchang Trademarks in the United States by 678 USA and its licensees and permittees—including prohibiting 678 Korea from accusing 678 USA and its licensees and permittees of infringement of the

17

**COMPLAINT FOR DECLARATORY JUDGMENT**

Ahgassi Gopchang Trademarks;

11. Preliminary and permanent injunctions prohibiting 678 Korea from interfering with the use of the 678 Trademarks in the United States by 678 USA and its licensees and permittees—including prohibiting 678 Korea from accusing 678 USA and its licensees and permittees of infringement of the 678 Trademarks;

12. Costs of suit; and

13. Any other appropriate relief.

Dated: July 31, 2017                    ONE LLP

                                        By:  /s/ *William J. O'Brien*
                                             William J. O'Brien

                                             *Attorneys for Plaintiff,*
                                             *678 USA, Inc.*

**COMPLAINT FOR DECLARATORY JUDGMENT**

*678 USA, Inc. v. 678 Corporation*

# COMPLAINT FOR DECLARATORY JUDGMENT REGARDING TRADEMARKS

# Exhibit A

# United States Patent and Trademark Office Certificate of Registration No. 4,432,554

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,432,554**
678 F&B KOREA, INC. (CALIFORNIA CORPORATION)
3465 W 6TH ST. #20
**Registered Nov. 12, 2013** LOS ANGELES, CA 90020

**Int. Cl.: 43**
FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 12-26-2011; IN COMMERCE 12-26-2011.

**SERVICE MARK**

**PRINCIPAL REGISTER**
THE MARK CONSISTS OF STYLIZED WORD "BAEKJEONG" IN KOREAN.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO "BAEKJEONG" IN KOREAN AND THIS MEANS "HISTORICAL TERM FOR A LOW-CLASS BUTCHER" IN ENGLISH.

SER. NO. 85-907,222, FILED 4-17-2013.

TARAH HARDY, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

<div style="border:1px solid black">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

<div style="border:1px solid black">

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

</div>

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO.  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

*678 USA, Inc. v. 678 Corporation*

# COMPLAINT FOR DECLARATORY JUDGMENT REGARDING TRADEMARKS

---

# Exhibit B

---

# United States Patent and Trademark Office Certificate of Registration No. 4,530,757

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,530,757**
**Registered May 13, 2014**

678 F&B KOREA, INC. (CALIFORNIA CORPORATION)
3465 W 6TH ST. #20
LOS ANGELES, CA 90020

**Int. Cl.: 43**

FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 6-15-2013; IN COMMERCE 6-15-2013.

**SERVICE MARK**

**PRINCIPAL REGISTER**

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE NON-LATIN CHARACTERS THAT TRANSLITERATE TO "SMALL INTESTINES OF A CATTLE OR CHITTERLING", APART FROM THE MARK AS SHOWN.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO "AH-GASSI" AND "GOP-CHANG" AND THIS MEANS "A YOUNG LADY" AND "SMALL INTESTINES OF A CATTLE OR CHITTERLING", RESPECTIVELY, IN ENGLISH.

THE MARK CONSISTS OF THE HEAD OF A WOMAN WITH TWO STARS ON EITHER SIDE AND A FLOWER DESIGN ON THE LOWER HALF. TO THE RIGHT OF THE DESIGN ARE KOREAN CHARACTERS MEANING "AH-GASSI-GOP-CHANG".

SN 85-892,208, FILED 4-1-2013.

TARAH HARDY, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

*678 USA, Inc. v. 678 Corporation*

# COMPLAINT FOR DECLARATORY JUDGMENT REGARDING TRADEMARKS

---

# Exhibit C

---

# United States Patent and Trademark Office Certificate of Registration No. 4,523,274



# United States of America

### United States Patent and Trademark Office

# AHGASSI GOPCHANG

**Reg. No. 4,523,274**　678 F&B KOREA, INC. (CALIFORNIA CORPORATION)
3465 W. 6TH ST. #20
**Registered Apr. 29, 2014**　LOS ANGELES, CA 90020

**Int. Cl.: 43**　FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 6-15-2013; IN COMMERCE 6-15-2013.

**SERVICE MARK**

**PRINCIPAL REGISTER**　THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GOPCHANG", APART FROM THE MARK AS SHOWN.

THE ENGLISH TRANSLATION OF "AHGASSI" AND "GOPCHANG" IN THE MARK IS "A YOUNG LADY" AND "SMALL INTESTINES OF A CATTLE OR CHITTERLING", RESPECTIVELY.

SN 85-915,579, FILED 4-26-2013.

TARAH HARDY, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.